IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| ANDREW BABCOCK & REBECCA MCCRACKEN, <br><br>Plaintiffs, <br><br>v. <br><br>RUMBALAYA LLC d/b/a HIGH TIDE BAR AND SEAFOOD GRILL, JAMES RATTZ, AND KELLI THOMAS, <br><br>Defendants. | Case No. 3:21-cv-0014 |

**APPEARANCES:**

PETER JAMES LYNCH, ESQ.
FULLER & LYNCH ADVOCACY GROUP, PLLC
ST. THOMAS, U.S.V.I.
 FOR PLAINTIFFS ANDREW BABCOCK AND REBECCA MCCRACKEN,

KARIN A. BENTZ, ESQ.
LAW OFFICES OF KARIN A. BENTZ, P.C.
ST. THOMAS, U.S.V.I.
 FOR DEFENDANTS RUMBALAYA LLC D/B/A HIGH TIDE BAR AND SEAFOOD GRILL, JAMES RATTZ, AND KELLI THOMAS.

## MEMORANDUM OPINION

**MOLLOY, Chief Judge.**

 **BEFORE THE COURT** is Defendants James Rattz, Rumbalaya LLC d/b/a High Tide Bar and Seafood Grill, and Kelli Thomas' (collectively "Defendants") Motion for Summary Judgment, ECF No. 16, and Plaintiff Andrew Babcock ("Babcock') and Rebecca McCracken's ("McCracken") Motion to Defer Response to Defendants' Motion for Summary Judgment to allow for Discovery. (ECF No. 22.) For the reasons stated below, the Court will defer Defendants' motion for summary judgment until the close of discovery. Additionally, the

*Babcock v. Rumbalaya LLC*
Case No. 3:21-cv-0014
Memorandum Opinion
Page 2 of 7

Court will grant the Plaintiffs' motion for an extension of time to file a response to the motion for summary judgment.

## I. FACTUAL BACKGROUND AND PROCEDURAL POSTURE

This controversy arose out of an employment dispute between Plaintiffs Babcock and McCracken, and their former employers while the former worked at High Tide Bar and Seafood Grill ("High Tide"). *See* ECF No 1-1. Babcock began working at High Tide on June 13, 2018, while McCracken started shortly after on September 5, 2018. *Id.* at 2. During the course of their employment, Babcock (male) and McCracken (female) allege that they both experienced sexual harassment and discrimination from High Tide employees and management which caused Plaintiffs physical, emotional, and financial damages, and led to a hostile work environment at High Tide. (ECF No. 1-1 at 23-28.) Along with their allegations of discrimination and harassment, Plaintiffs also claim that they did not receive the minimum hourly wage and argue that High Tide management either negligently withheld their wages or conspired to fraudulently withhold wages from High Tide employees. (ECF No. 1-1 at 3, 28-31.) Additionally, although Babcock and McCracken ultimately resigned on July 18, 2019, they allege they suffered wrongful constructive termination as a result of High Tide management's negligence, as well as the discrimination and harassment they experienced while working at the restaurant. *See* ECF No. 1-1 at 12-13 and 22.

Following their resignation, Plaintiffs filed a complaint with the U.S. Equal Employment Opportunity Commission (EEOC) on April 17, 2020. (ECF No. 17 at 3.)[1] On September 18, 2020, the EEOC issued McCracken and Babcock each a Notice of Right to Sue. The Plaintiffs then commenced this action by filing a Complaint in the Superior Court of the Virgin Islands, Division of St. Thomas and St. John on December 16, 2020. *See* ECF No 1-1. On February 8, 2021, Defendants timely filed to remove the case to Federal Court. (ECF No. 1.) Soon after, on February 16, 2021, Defendants filed a motion to dismiss for failure to state a claim. (ECF No. 4.) On March 31, 2021, the Court converted Defendants' motion to dismiss into a motion for judgment and ordered Defendants to refile in accordance with the standards for summary judgment. (ECF No. 14.) Defendants filed their motion for summary

---

[1] The parties do not dispute that Plaintiffs' EEOC complaint was filed on April 20, 2020.

judgment on April 21, 2022. Plaintiffs have yet to respond to Defendants' motion for summary judgment, and instead, filed a motion for an extension of time to respond on May 16, 2022. (ECF No. 22.) Defendants filed a response to the motion for extension on May 31, 2022. (ECF No. 23.)

## II. DISCUSSION

### A. Timeliness of Plaintiffs' Complaint

### 1. Timeliness of Count III (24 V.I.C. § 451)

Defendants first argue that Count III of Plaintiffs' Complaint is time barred and should be dismissed because Defendants assert that to bring a claim under 24 V.I.C. § 451, Plaintiffs must have filed a complaint with the Virgin Islands Department of Labor (VIDOL) within 180 days of the discriminatory conduct or unlawful employment actions.[2] *See* 24 V.I.C. § 453.[3] Given that Plaintiffs resigned on July 18, 2019, and did not file a complaint with VIDOL until April 17, 2020,[4] Defendant argue that Plaintiffs claim under section 451 is untimely. However, Defendants misconstrue section 451 and 453 by asserting that filing a complaint with VIDOL is a mandatory requirement.

When a plaintiff seeks to make a claim of unlawful discrimination in the Virgin Islands, a Plaintiff may file a complaint with the Virgin Islands Department of Labor within 180 days of the last alleged act of discrimination; however, such filing is not required to pursue a claim under section 451(a). *See* 24 V.I.C. § 453(a); *see also Kantz v. Univ. Virgin*

---

[2] Defendants rely on outdated case law to support their proposition. Defendants cite to *Guye v. Lutheran Social Services of the Virgin Islands, Inc.*, to support the theory that section 451 claims always have to be filed with VIDOL within 180 days of the alleged conduct. SX-10-CV-119, 2011 WL 13116070, at *6 (V.I. Super. Ct. Feb. 10, 2011). While the case does support that argument, section 451 was amended nine months after the *Guye* decision to unequivocally establish an independent cause of action under 451 rather than limiting judicial review to appeals of VIDOL decisions. *See Kantz*, No. 08-47, slip op. at 3.

[3] Section 453 of the Virgin Island Code states: "[a]ny person claiming to be aggrieved by an alleged unlawful employment practice or discrimination may file with the department a verified complaint in writing…[n]o complaint shall be filed after the expiration of one hundred and eighty days after the alleged act of unlawful employment practice or discrimination." The term "complaint" refers to a complaint filed with VIDOL not this Court. *See Kantz*, No. 08-47, slip op. at 2-3.

[4] Although Plaintiffs never technically filed a complaint with the VIDOL, the EEOC and VIDOL have a workshare agreement, and thus, any filing with the EEOC is considered simultaneously filed with VIDOL. *See Lovern v. Jackson*, No. 08-0082, 2015 WL 494069, at *8 (D.V.I. Feb. 3, 2015).

*Babcock v. Rumbalaya LLC*
Case No. 3:21-cv-0014
Memorandum Opinion
Page 4 of 7

*Islands*, No. 08-47, slip op. at 3 (D.V.I. Nov. 27, 2018) ("Plaintiff may state a claim under 24 V.I.C. § 451 without exhausting her administrative remedies before the Department" of Labor); *Rennie v. Hess Oil Virgin Islands Corp.*, 62 V.I. 529 (2015) (rejecting the view that section 451 is limited to review of department decision and instead holding that section 451 establishes a private right of action). Therefore, even though Plaintiff may have filed their administrative claim 94 days after the deadline for VIDOL review, that delay in no way affects Plaintiffs' ability to make a section 451 claim in this Court. *See Kantz*, No. 08-47, slip op. at 3 (noting that the language of Section 453 is "voluntary in nature" and thus is not a requirement to file a private right of action). Plaintiffs only time limit in a judicial court under section 451 is the statute of limitations. Since Plaintiffs claims were filed well within the statute of limitation for this claim,[5] Count III of Plaintiffs' Complaint is timely.

**2. Timeliness of Count I and Count II (42 U.S. Code § 2000e-2)**

Defendants next argue that Plaintiffs' claims as to Counts I and II are time barred under Title VII of the Civil Rights Act of 1964 because Defendants allege that Plaintiffs failed to timely file complaints with either VIDOL or the EEOC. (ECF No. 17 at 4.). Defendants acknowledge that while ordinarily a complainant only has 180 days to file a complaint with the EEOC in order to file a suit under Title VII, "[i]f the complainant also initiates a complaint with a parallel state agency, as occurred in the instant case, the period for filing the charge with the EEOC is extended to 300 days from the date of the alleged unlawful employment practice." *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 469 (3d Cir. 2001)). Since VIDOL and the EEOC have a workshare agreement, the complaint was filed with VIDOL as soon as Plaintiffs filed their complaint with the EEOC. *See Lovern v. Jackson*, No. 08-0082, 2015 WL 494069, at *8 (D.V.I. Feb. 3, 2015). Therefore, since VIDOL is a parallel state agency, Plaintiffs had 300 days to file their complaint.

Despite conceding that Plaintiffs had 300 days to file their complaint with the EEOC and did in fact file with the EEOC 274 days after the last alleged discriminatory conduct,

---

[5] As previously noted, section 451 creates a statutory private right of action. Under Virgin Islands law, a cause of action created by statute is subject to a six-year statute of limitations. *See* 5 V.I.C. 31(3); *see also Rennie*, 62 V.I. at 4-5 (noting that when a statute establishes liabilities independent of the common law, they are governed by section 31(3)(B) six-year statute of limitations.

*Babcock v. Rumbalaya LLC*
Case No. 3:21-cv-0014
Memorandum Opinion
Page 5 of 7

Defendants nevertheless insist that Count I and II are time barred under Title VII's sixty-day deferral rule. Under the sixty-day rule, if a plaintiff first files her charge with a state or local agency, "plaintiff must wait 60 days after proceedings have commenced under state or local law to file a charge with the EEOC.... In such circumstances, however, the charge must still be filed [with the EEOC] within 300 days of the occurrence." *Nat'l. R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 119 (2002) (citing *Mohasco Corp. v. Silver*, 447 U.S. 807, 825-826 (1980)); *see also* 42 U.S.C. § 2000-e5. In essence, under this rule, the EEOC cannot accept a claim until the state or local agency has had 60 days to review and potentially deal with the case. Thus, based on the sixty-day rule, Defendants argue that Plaintiffs would have had to file with VIDOL on day 240 for the claim to be timely filed with the EEOC. (ECF No. 17 at 6.)

While Defendants are correct that the sixty-day rule would have required Plaintiffs to have filed with VIDOL within 240 days of the alleged discriminatory conduct, the rule does not apply in this instance. Under VIDOL and the EEOC's workshare agreement VIDOL has expressly waived the sixty-day deferral requirement. *See* ECF No. 22-2. Section III of the agreement provides that VIDOL "waives its right of exclusive jurisdiction to initially process such charges for a period of 60 days for the purpose of allowing the EEOC to proceed immediately with the processing of such charges before the 61st day." *Id.* at 3. In light of this waiver, Plaintiffs simply had to file their claim with the EEOC within 300 days of the last alleged act of discrimination or unlawful conduct. *See Lovern*, 2015 WL 494069, at *8. Since Plaintiffs filed with the EEOC and VIDOL on Day 274, Count I and Count II of the Complaint are not time barred.

### B. Summary Judgment – Fed. R. Civ. P. 56

Defendants also argue that the Court should grant summary judgment as to all thirteen counts in the Complaint as they aver that Plaintiffs fail to state a claim as to any of the counts. (ECF No. 17 at 31-32.) As such, Defendants contend that there is no dispute of material fact, and therefore, this Court may grant summary judgment. *Id.*

A party may move for summary judgment at any time until thirty days after the close of all discovery, and the court shall grant the same if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

*Babcock v. Rumbalaya LLC*
Case No. 3:21-cv-0014
Memorandum Opinion
Page 6 of 7

law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears "the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.* 477 U.S. at 323.

Alternatively, the moving party may satisfy their initial burden by demonstrating that "there is an absence of evidence to support the nonmoving party's case." *Id.* at 325; *see* Fed. R. Civ. P. 56(c)(1)(B) ("a party asserting that a fact cannot be or is genuinely disputed must support the assertion by showing…that an adverse party cannot produce admissible evidence to support the fact.").

If the movant sufficiently satisfies their initial obligation, the burden shifts to "the nonmovant to go beyond the pleadings and by [their] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Daubert v. NRA Group, LLC*, 861 F.3d 382, 391 (3d Cir. 2017) (quoting *Celotex*, 477 U.S. at 324) (internal quotation marks omitted). Thus, when considering a motion for summary judgment, the court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52. The Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Notwithstanding the above, before a motion for summary judgment is granted, "a Court is obligated to give a party opposing summary judgment an adequate opportunity to obtain discovery." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3d Cir. 2007) (quoting *Dowling v. City of Philadelphia*, 855 F.2d 136, 139 (3d Cir. 1988)). "If discovery is incomplete, a district court is rarely justified in granting summary judgment, unless the discovery request pertains to facts that are not material to the moving party's entitlement to judgment as a matter of law." *Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015). Providing sufficient time for discovery is "necessary because, by its very nature, the

summary judgment process presupposes the existence of an adequate record." *Doe*, 480 F.3d at 257. Thus, if discovery is incomplete as to any issue material to the pending summary judgment motion, the court may properly deny the motion. *See id.*

In this case, the parties do not dispute that discovery has yet to begin. *See* ECF No. 22 and ECF No. 23. In light of the non-movant's request for time to conduct discovery in order to adequately respond to the motion, the Court finds that rendering a decision on the merits of Defendants' motion for summary judgment prior to close of discovery would be inappropriate.[6] *See Iverson v. Johnson Gas Appliance Co.,* 172 F.3d 524, 530 (8th Cir. 1999) (If the failure to allow discovery "deprives the nonmovant of a fair chance to respond to the motion, however, summary judgment is not proper and will be reversed.") As such, the Court will defer Defendants' motion for summary judgment and allow Plaintiffs to wait until the close of discovery to file a response to the motion for summary judgment.

### III. CONCLUSION

After careful consideration, the Court finds that Plaintiffs claims have been timely filed and are not barred for failure to exhaust available administrative remedies. As such none of Plaintiffs' claims shall be dismissed as time barred.

The Court also concludes that rendering a dispositive decision on Defendants' motion for summary judgment would be inappropriate at this time as the parties have yet to conduct discover. In light of these circumstances, the Court will defer Defendants' motion for summary judgment and grant Plaintiffs' motion for additional time to respond to the motion for summary judgment until the parties have conducted discovery.

An appropriate Order follows.

**Dated:** August 14, 2023                  */s/ Robert A. Molloy*
                                                                        **ROBERT A. MOLLOY**
                                                                        **Chief Judge**

---

[6] The Court notes Plaintiffs have provided an affidavit in compliance with 56(d) as the affidavit specified "(1) what particular information was sought; (2) how if disclosed, it would preclude summary judgment; (3) and why it has not been previously obtained." *Shelton*, 775 F.3d at 568. In such instances "district courts usually grant request for additionally discovery under Rule 56(d) "as a matter of course,….This is particularly true when discovery requests are outstanding or where relevant facts are under control of the party moving for summary judgment." *Id.* (citing *Murphy v. Millennium Radio Group LLC*, 650 F.3d 295, 309-10 (3d Cir, 2011).